United States District Court

Western District of Texas

Austin Division



2020 MAR 18 PM 12: 48

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PIPE HITTERS UNION, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No.   **1:20-cv-167-RP** |
| PIPE HITTERS UNION MC, LLC, | § § § | |
| Defendant | § | |

## ANSWER

The defendant answer to the plaintiff complaint is a simple one. The plaintiff is attempting to use the court to continue or re-litigate a matter that has been adjudicated by a competent court (as the plaintiff admits) in the plaintiff complaint at point #4 *"The Honorable Sam Sparks dismissed Plaintiff's Motion to Enforce the Settlement Agreement against PHUMC and individual officers in the previous trademark lawsuit, determining these defendants were not parties or successors to the agreement and injunction entered against the unincorporated "Pipe Hitters Union Motorcycle Club." See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS (W.D. Tex. July 2, 2019)."*

If the court will please look at that case specifically DKT #70, #75 & #86. The court will see the plaintiff literally copy and pasted directly from that case *See Pipe Hitters Union LLC v. Pipe*

*Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT #1, #23, #56.1, #57.1 & #73.* Fed. R Civ P. Rule 8c, res judicata should apply and bar this matter from progressing any further regardless of who submits it.

The plaintiff is now alleging Pipe Hitters Union MC, LLC with wrongdoing. along with naming Deckert & Bilansky within the complaint that they previously alleged individuals who were parties to a settlement agreement and injunction.  Once again, the plaintiff is denying Deckert & Bilansky their constitutional right to due process by accusing them directly of wrongdoing in a new law suit. The plaintiff names Bilansky and Deckert within the new suit but refuses to name them as defendants so they may answer the allegations even after the court has previously ruled that the plaintiff failed to provide any evidence whatsoever that Deckert & Bilansky did anything wrong. The defendant has no means to hire counsel and must attempt to defend themselves Pro Se.  The defendant prays the court to examine the prior cause and will note that these allegations were previously made to other individuals and made well before Pipe Hitters Union MC, LLC was even established that they are now trying to hold liable for past individual allegations that were dismissed and found to be without merit.  The reason the plaintiff is doing this is to attempt to exploit a loophole that Pipe Hitters Union MC, LLC without counsel cannot answer the compliant or appear and a default judgement will be found against it.  While that may be true, the LLC has no legal counsel, but the fact still remains that the allegations have already been adjudicated and were found to be without merit, finally ordered, dismissed and closed.  The plaintiff is hoping the court does not review the past case in an attempt to deceive the court into ruling in the plaintiff favor.  The defendant is trusting the court in serving justice by barring this frivolous claim.

## ANSWER

1. Defendant denies this allegation. The plaintiff has previously made this claim in 2017; See Case 1:17-cv-01134-SS Document 1 #1 *"PHU brings this action for preliminary and permanent injunctive relief and damages against the Motorcycle Club, which is utilizing the Plaintiff's name and logo, and selling merchandise under a name and utilizing a logo which is confusingly similar to PHU's mark. PHU asserts federal and state claims for trademark infringement."*

2. Defendant admits the allegations contained in item #2 of the complaint. The defendants would like to add that the PHU company was originally founded by a motorcycle club founder, the original PHUMC LLC was formed by that founder in 2012 prior to the PHU company changing hands to the Plaintiff Pipe Hitters Union LLC was only established in 2013 (*See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. #36 Defense Exhibit G & K*) prior to the plaintiff filing for trademarks in 2014. Furthermore, as previously shown in evidence, the plaintiff not only granted but encouraged the use of the name and logo for Pipe Hitters Union MC and has to the best of the defendant's knowledge; never rescinded that permission or even sent a cease & desist to anyone including the defendants in this current matter. (*See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. 36 Defense Exhibit W*) The defendants argue first use rights to Pipe Hitters Union MC, PHUMC & Pipe Hitters Union Motorcycle Club.

3. Defendant admits the allegations contained in item #3 of the complaint and asks the court to note that date of 9 February 2018 and asks the court to note that this matter currently before the court has already been adjudicated by the Honorable Sam Sparks *See Pipe*

*Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT. #70, #75 & #86.*

4. Defendant admits the allegations contained in item #4 of the complaint and asks the court to note that this matter currently before the court has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT. #70, #75 & #86.*

5. Defendant denies the allegations contained in item #5 of the complaint, the LLC did not originally file those marks; as already ruled. *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT #86* Page 5: *"In September 2018, Bilansky filed two notices regarding the New MC with the Secretary of State. The first named Bilansky as the communications contact person, regional director, and acting president of the New MC and changed the New Mc's business address to Bilansky's home address. Id. at 164. The second named Bilansky, Deckert, and Frank Williams as key individuals in the New MC. Id. at 164-65. That same month, Deckert filed a trademark application for the acronym "PHUMC" in stylized form. Id. at 11; see also id. at 137-40. Deckert later filed applications for "PHUMC" and "Pipe Hitters Union MC" as standard character marks. Id. at 11; see also id. at 131-33, 142-44. All three applications listed Deckert and Bilansky as contacts. Id. at 133, 140, 144."*

6. Defendant denies this allegation. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS Document 1 page 6 #22 "The acts of the Defendants alleged herein are likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' products and services, the sponsorship and endorsement of those products and services by PHU, or as to the*

*affiliation, connection or association of Defendants or its product or activities with PHU or its products or activities."* Additionally, this is a duplicative claim *See #39*. The Pipehittersunionmc.com website makes it abundantly clear that the defendant has no association with the plaintiff.

7. Defendant admits the allegations contained in item #7 of the complaint. But would like to point out that the plaintiff company was not founded until 2013 and after the original Pipe Hitters Union MC, LLC was formed in 2012.

8. Defendant admits the allegations contained in item #8 of the complaint.

9. Defendant admits the allegations contained in item #9 of the complaint.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #10 of the Complaint, and on that basis denies these allegations.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #11 of the Complaint, and on that basis denies these allegations.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #12 of the Complaint, and on that basis denies these allegations.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #13 of the Complaint, and on that basis denies these allegations.

14. Defendant admits the allegations contained in item #14 of the complaint. And would like to point out that the Plaintiff LLC was not formed until 2013 *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. #36 Defense Exhibit K)*

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #15 of the Complaint, and on that basis denies these allegations.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #16 of the Complaint, and on that basis denies these allegations.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #17 of the Complaint, and on that basis denies these allegations.

18. Defendant denies these allegations contained in item #18 of the Complaint. The plaintiff as shown in prior cause the plaintiff knew about the Motorcycle Club in 2013 and it would have shown as a conflict when plaintiff established the Pipe Hitters Union LLC AFTER Pipe Hitters Union MC, LLC was already established in the state of Texas. *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. #36 Defense Exhibit G & K)*

19. Defendant denies the allegations contained in item #19 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23 Page 6-7 "Before resorting to litigation, PHU reached out to MC representatives and proposed a licensing agreement that would give MC the right to continue using PHU trademarks in exchange for a licensing fee. See Exh. B (Affidavit); and Complaint, Exh. D (2014 Emails). PHU saw MC as a possible partner and an opportunity to grow the brand, so the parties discussed a licensing agreement for par value to avoid causing undue harm to MC's bottom line. See id."*

20. Defendant denies the allegations contained in item #20 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23 Page-7 "The parties informally agreed that MC would not produce, sell, or promote any items with PHU trademarks while the parties negotiated a licensing agreement. See Exh. B*

*(Affidavit). MC even filed a "Certificate of Termination" for Pipe Hitters Union MC, LLC, during the negotiations. See Complaint, Exh. A."*

21. Defendant denies the allegations contained in item #21 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 7 "PHU continued reaching out to MC's national officers to work out a deal but there were numerous delays and, eventually, no response at all. PHU soon discovered MC was violating the agreement to cease producing or selling merchandise with PHU trademarks. In particular, MC manufactured and sold hundreds of PHUMC items at its national rally in August 2017. See Exh. B (Affidavit)."* Additionally, please note the date was before the LLC was formed or Deckert or Bilansky became involved.

22. Defendant denies the allegations contained in item #22 (1), (2), (3), (4) & (5) of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 7 "After filing suit, PHU yet again tried to negotiate a settlement with MC. This time all Parties entered a formal settlement that contained the following basic terms: (1) Parties enter an agreed permanent injunction prohibiting Defendants from using PHU trademarks; (2) Defendants agree to hold its chapters in compliance with the injunction and participate in good-faith negotiations with PHU for a long-term licensing agreement; (3) Defendants agree to not solicit MC members to join another motorcycle club; (4) Defendants agree to not disparage PHU; and (5) Parties agree to keep the settlement confidential."*

23. Defendant denies the allegations contained in item #23 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 7 "Many officers and chapters from the original MC decided to honor the Settlement and*

*Injunction. That group reorganized as True Brotherhood M.C. and entered a license agreement with PHU that included usage rights for $10 per year with no royalty payments. See Exh. L (License Agreement). This group was represented by Attorney John De La Vina, who reached out to MC President Jeffrey Bilansky about entering the same agreement so all of MC could come into compliance with the Settlement and Injunction."*

24. Defendant denies the allegations contained in item #24 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS.* This also has no bearing on or even mention of the Defendant now former Pipe Hitters Union MC, LLC.

25. Defendant denies the allegations contained in item #25 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

26. Defendant denies the allegations contained in item #26 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

27. Defendant denies the allegations contained in item #27 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

28. Defendant denies the allegations contained in item #28 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 9 "Despite MC's continued use of the Pipe Hitters name for business purposes, there is an announcement on PHUMC's website purporting to rename Pipe Hitters Union Motorcycle Club "Rudiarius MC." See Exh. G; and "Home," http://www.pipehittersunionmc.com (last visited Dec. 18, 2018)..".* This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

29. Defendant denies the allegations contained in item #29 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 9 "MC claims that PHUMC is changing its name, but then goes on to state that "some members [] decided to quit instead of stay with the PHUMC LLC. Those individuals are not part of the PHUMC LLC and have hijacked the name and the old colors.".*

30. Defendant denies the allegations contained in item #30 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

31. Defendant denies the allegations contained in item #31 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

32. Defendant denies the allegations contained in item #32 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks

*See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.* Additionally, that t-shirt does not contain any of the plaintiff trademarks or even plaintiff trade name as also previously shown in evidence *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. #36 Defense Exhibit I.* The plaintiff has no trademarks for "PHU" or "PHUK" and has no relevance to this matter.

33. Defendant denies the allegations contained in item #33 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.* Additionally, that t-shirt does not contain any of the plaintiff trademarks or even name as also previously shown in evidence *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS Doc. #36 Defense Exhibit I.* The plaintiff has no trademarks for "PHU" or "PHUK" and has no relevance to this matter.

34. Defendant denies the allegations contained in item #34 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86*

35. Defendant denies the allegations contained in item #35 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86*

36. Defendant denies the allegations contained in item #36 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #23. Page 15 "The Rudiarius MC website goes further: "Rudiarius MC was born in 2012 under a different name by a few like-minded men who wanted to ride and do good things for the community. In 2018 we changed the name of our club. The MC is strong now and will continue to grow," "We are the rough men....don't be fooled by ones who wear the costume," and "We ride free, we will not be chained to any corporate leach." See Exh. I; "RUDIARIUS MC," http://www.rudiariusmc.com, and www.rudiariusmc.com/about (last visited Dec. 18, 2018).".* This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT #70, #75 & #86.* Furthermore, that site does not contain any reference to the plaintiff, the plaintiff name or the plaintiff trademarks and is irrelevant as previously argued.

37. Defendant denies the allegations contained in item #37 of the complaint and asks the court to note that this matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

38. Defendant denies the allegations contained in item #38 of the complaint. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT #70, #75 & #86.*

39. Defendant denies this allegation. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS Document 1 page 6 #22 "The acts of the Defendants alleged herein are likely to cause confusion, mistake, or deception among consumers or potential*

*consumers as to the source or origin of Defendants' products and services, the sponsorship and endorsement of those products and services by PHU, or as to the affiliation, connection or association of Defendants or its product or activities with PHU or its products or activities."* Additionally, this is a duplicative claim *See #6*. The Pipehittersunionmc.com website makes it abundantly clear that the defendant has no association with the plaintiff.

40. Defendant denies the allegations contained in item #40 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #1. Page 6 item #23* *"The actions of Defendants constitute willful trademark infringement, false designation of origin and false and misleading representations, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."*. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.*

41. Defendant denies the allegations contained in item #41 of the complaint. The plaintiff has previously made this claim; *See Case 1:17-cv-01134-SS DKT #1. Page 6 item #24* *"As a result of the actions of Defendants, Plaintiff has suffered damages in an amount to be determined at trial, but estimated to be over the $75,000.00 threshold."*. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86.* and asks the court to also note that the plaintiff claimed no damages in that matter. *See Case 1:17-cv-01134-SS DKT #50, #52, #56.1 & #57.1.* the plaintiff amended the complaint to remove damages as originally sought but now wishes to proceed again. This is also a duplicate allegation *See #45*

42. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #42 of the Complaint, and on that basis denies these allegations. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS.* DKT #70, #75 & #86. The defendant would like the court to note, that there is no actual claim of infringement in this allegation and it appears to merely be a statement by the plaintiff and would be moot as the matter has already been adjudicated.

43. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #43 of the Complaint, and on that basis denies these allegations. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS.* DKT #70, #75 & #86. The defendant would like the court to note, that there is no actual claim of infringement in this allegation and it appears to merely be a statement by the plaintiff and would be moot as the matter has already been adjudicated.

44. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #44 of the Complaint, and on that basis denies these allegations. This matter has already been adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS.* DKT #70, #75 & #86. The defendant would like the court to note, that there is no actual claim of infringement in this allegation and it appears to merely be a statement by the plaintiff and would be moot as the matter has already been adjudicated.

45. Defendant denies the allegations contained in item #45 of the complaint and asks the court to note that This matter has already been adjudicated by the Honorable Sam Sparks

See *Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al.*, Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86. and asks the court to also note that the plaintiff claimed no damages in that matter. See Case 1:17-cv-01134-SS DKT #50, #52, #56.1 & #57.1. the plaintiff amended the complaint to remove damages as originally sought but now wishes to proceed again. This is also a duplicate allegation See #45 The defendant also asks the court to note that this is a duplicative allegation as the plaintiff claimed damages, then claimed no damages in that matter that has already been adjudicated. The defendant would like the court to note, that there is no actual claim of infringement in this allegation and it appears to merely be a statement by the plaintiff nor is any evidence of any 'damages' provided and would be moot as the matter has already been adjudicated and the plaintiff makes no new claims or offers any evidence of any actual infringements.

46. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in item #46 of the Complaint, and on that basis denies these allegations. The defendant prays the court to see that the plaintiff is merely attempting to mislead the court into passing default judgement against a LLC that has no assets or means to defend itself and to coerce the court into ruling in favor of the plaintiff by default carrying out a gross miscarriage of justice that would set a dangerous precedent. The plaintiff is seeking to recover the 'damages' they self-inflicted from FINALLY ORDERED Dismissed and Closed case *Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS.* DKT #70, #75 & #86.

## **ANSWER BRIEF**

The plaintiff presents zero evidence of the LLC (since being established in Feb. 2018) has actually produced anything using the plaintiff exact name and or marks. As you will see in in the previous case, the plaintiff is using the same allegations and evidence and just changing the story from breaking an alleged agreement and injunction to now blame the LLC for infringement but offers no evidence whatsoever of any use of the plaintiffs mark after July 2018 when the plaintiff was informed that the motorcycle club was not interested in any business agreement with the plaintiff and abandoned use of the PHU mark all together. The Honorable Sam Sparks found that an Injunction and 'settlement agreement' were not only not binding but even if it were it was ruled that it still WAS NOT violated one would assume that trademark applications would be examined by the USPTO and would not require that level of specificity. The plaintiff is merely trying this last ditch 'hail mary' because the plaintiff knows the plaintiff will not win the trademark opposition and they are merely abusing this court in an attempt to exploit that Pipe Hitters Union MC, LLC has no means to defend itself and hoping a default judgment would be in the plaintiff's favor. The plaintiff also uses emails and a sworn affidavit of a deceased person who the defendant would not be able to cross examine. As you will note in the previous case when that person was cross examined, As shown in plaintiff evidence the deposition of Mr. Hone (*See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS DKT# 76*) See page 33 at 6-25 where Mr. Hone admits to meeting with plaintiffs' counsel and going over the deposition and questions prior to the deposition (being coached).admitted he met previously with plaintiff counsel to discuss and practice testimony. The plaintiff also alleges that the deceased person, shared a 'settlement agreement'. This is wholly untrue as the evidence plaintiff submits you can plainly see a 'licensing agreement' or

'franchise agreement' is what is being discussed as was already adjudicated by the Honorable Sam Sparks *See Pipe Hitters Union LLC v. Pipe Hitters Union MC, LLC et al., Cause No. 1-17-CV-01134-SS. DKT #70, #75 & #86*. Making that a moot point. As the court will see in that case, the plaintiff changes the facts regularly to fit the narrative of the day in a crude attempt to deliberately mislead the court. Furthermore, the cause against the LLC is now only brought by the plaintiff because after Justice Sparks FINALLY ORDERED, dismissed and closed that identical cause this is an unethical attempt to re-litigate an adjudicated matter. The LLC is a non-profit with no assets (has never even had a bank account) with no means to retain, much less pay for legal counsel and the plaintiff is using this loophole in an attempt to carry out a gross miscarriage of justice using the court. Simple summary of this cause: plaintiff is using the court to harass the defendants and use the court because the plaintiff would have no other chance to win with the USPTO opposed trademarks. Simply stated, the plaintiff is an apparel company and defendant is a motorcycle club. Everything they attribute now to the LLC they previously alleged occurred by individuals in the prior cause BEFORE the LLC was even formed. They sought no damages then but are now seeking damages. This is a crude ruse to attempt to leverage the Federal District court rather than a simple magistrate. The only damages the plaintiff has sustained were self-inflicted brought on by legal fees for bringing these frivolous matters before the court. The defendant begs the court to please just review the prior case (at least #70 & #86) and compare those to the current matter before the court. Defendant prays the court will not give an automatic default in favor of the plaintiff because defendant cannot afford representation.

**PRAYER FOR RELIEF**

Pipe Hitters Union MOTORCYCLE CLUB, LLC request that a judgment in the defendant's favor be granted against the Plaintiffs as follows:

1. Dismiss / Bar the plaintiffs complaint against the defendant with prejudice.

2. Enter sanctions against the Plaintiff and Plaintiffs' counsel for misrepresenting all the facts of the complaint attempting to retry a litigated case and report the Plaintiffs' counsel to the State Bar for ethic's violations. The defendant will gladly cooperate with a State Bar investigation and submit all supporting documentation that clearly show the Plaintiff counsel and a third-party Counsel mentioned in the Plaintiff's filed documents (in both matters) conspired to fabricate exhibits that they falsely attribute to the defendant and misrepresent.

3. Sanctioning the plaintiff counsel by revoking the firm Amini & Conant of all federal court privileges for continually wasting the courts valuable time with these frivolous and unethical actions.

4. Issue a protective order for the defendant against the plaintiff to prevent the plaintiff from continually harassing any named defendant or entity in this or the past matter.

## Conclusion

For the reasons stated, the defendant prays the court review the prior case and bars the plaintiff claim.

This 18th day of March, 2020

Pro Se defendants

DATE: 18 March 2020
Charles Deckert
President for
Pipe Hitters Union MC, LLC
& Named within the case
1819 Oak Grove Road
Luling, TX 78648
512-822-6588
charlie@deckert.com

DATE: 18 March 2020
Jeffrey M. Bilansky
Officer for
Pipe Hitters Union MC, LLC
& Named within the case
408 New Castle St.
Minersville, PA 17954
570-449-4119
Jbilansky@gmail.com

## Certificate of Service

The above signed defendants hereby certify that on March 18, 2020, we the defendants filed the above motion with the clerk of courts. The plaintiff will be notified by an email to the plaintiff council at email address                    on March 18, 2020.