**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **PIPE HITTERS UNION, LLC,** § | |
| Plaintiff, § | |
| v. § | |
| § | No. 1:20-CV-00167-RP |
| **PIPE HITTERS UNION MC, LLC,** § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff Pipe Hitters Union, LLC's Motion to Enforce, Hold Defendants in Contempt of Court, Impose Sanctions, and Award Attorney Fees and Costs (the "Motion") (Dkt. #27).[1] A response was not filed by Pipe Hitters Union MC, LLC. A hearing was held related to the Motion on July 27, 2021. No one appeared on behalf of the Defendant. After reviewing the pleadings, the relevant case law, the entire case file and the arguments of Plaintiff's counsel at the hearing, the undersigned issues the following Report and Recommendation to the District Court.

**I.   BACKGROUND**

On February 14, 2020, Plaintiff Pipe Hitters Union, LLC filed this suit against Defendant Pipe Hitters Union MC, LLC for trademark infringement. Dkt. #1. Although properly served, Defendant never retained counsel. Instead, Charles Deckert and Jeffrey M. Bilansky attempted to represent the Defendant pro se. *See* Dkt. #6, #18, #26. Despite Judge Pitman's admonition to the Defendant to retain counsel in this matter, Defendant failed to do so. *See* Dkt. #10. Months of

---

[1] On May 13, 2021, the motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

procedural jockeying eventually resulted in the entry of a default judgment against Defendant on February 1, 2021. Dkt #24. Among other findings, the default judgment specifically ordered that "[w]ithin 30 days after the date this Order is entered [February 1, 2021], Defendant file with the Court and serve on Plaintiff's counsel a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction." *Id.* at 5.

The Motion contends that the report filed by Defendant's agents, Charles Deckert ("Deckert") and Jeffrey M. Bilansky ("Bilansky"), dated March 1, 2021 but docketed on March 9, 2021 was untimely. Dkt. #27 at 1. The court finds otherwise. The envelope in which the Defendant's report was enclosed was stamped by the United States Postal Service on March 1, 2021 and submitted within 30 days of the District Court's Order. Dkt. #26 at 13.

Although Deckert and Bilansky signed the report, they failed to do so in compliance with the District Court's admonition the report be sworn under oath. Both Deckert and Bilansky signed the report in their capacity as a "Former Agent PHUMC, LLC." Dkt. #26 at 12. In fact, no discovery has taken place either before or after the entry of default judgment. Consequently, the precise nature of the relationship between Defendant and Deckert and Bilansky is unclear. While the original Complaint certainly notes that both Deckert and Bilansky, are affiliated with Defendant, the Complaint does not describe the nature of their purported leadership roles.[2]

---

[2] "But certain members of the newly formed PHUMC—led by Jeffrey Bilansky and Charles Deckert—had other plans. From the start, the two were intimately aware of the Settlement and Injunction as they had been involved in numerous internal discussions among PHUMC officers and local leaders about the settlement and were given the final Settlement and Injunction documents by former PHUMC President Dane Hone." Dkt. #1 at ¶ 24; *see also id.* at ¶ 34 ("The original Articles of Organization for PHUMC show the company's principal address as 806 Pinewood Drive, Pottsville, PA 17901, which is the home address of Rothermel. *See* Exh. P-16. On 09/28/18, Bilansky filed a notice making him the company contact and changing the business address to his home address at 408 New Castle Street, Minersville, PA 17954.").

However, Deckert and Bilansky attempted file an Answer on behalf of Defendant, which was stricken by order of the court. Dkt. #10. Nonetheless, Deckert and Bilansky signed the stricken answer in their capacities as "President" and "Officer" respectively. *See* Dkt. #6 at 18. A live answer was never filed by Defendant.

Similarly, the Complaint fails to describe the general partner or limited liability partners of Defendant, a limited liability corporation.[3]

The Motion specifically objects that the report "spent most of its efforts trying to relitigate this case and only made superficial attempts to comply with the distinct obligations imposed by the Court." The Motion describes five shortcomings of the report:

1. Defendant did not turn over the domain name "pipehittersunionmc.com" as the court ordered;
2. Defendant did not prepare and submit an accounting of its books;
3. Defendant did not turn over the required financial documents;
4. Defendant has not adequately complied with the court's order to destroy all items bearing "Pipe Hitters Union" or the PHU logo;
5. The Defendant continues to prosecute the trademark application for Sernial [sic] No. 88228794.

Dkt. #27 at 2.

Plaintiff asks the court to enforce its judgment, hold "Defendant *and agents Charles Deckert and Jeffrey Bilansky* in contempt for violating the Court's Orders, impose sanctions against Defendant *and agents Deckert and Bilansky*, and award the Plaintiff its reasonable and necessary attorney's fees." *Id.* (emphasis added).

Plaintiff asks the District Court to find the Defendant *and agents Deckert and Bilansky* in both criminal and civil contempt. *Id.* at 7-8.

## II.  LEGAL STANDARDS

### A. Criminal Contempt

While Plaintiff seeks the imposition of a finding of both criminal and civil contempt, the court declines the invitation to apply a criminal sanction for two reasons. First, the Motion fails to adequately brief the basis for, and procedure by which, the court could impose criminal contempt.

---

[3] Identification of the LLC members is not necessary to determine jurisdiction because the court has federal question jurisdiction as this is a Lanham Act case.

Second, the Motion fails to describe any authority for the proposition that Deckert and Bilansky may be subject to criminal contempt. Neither Deckert nor Bilansky was named in the original Complaint, neither was subject to an order of the District Court, nor was either man obligated to respond to any discovery served upon them by Plaintiff.

### B. Civil Contempt

Plaintiff also requests the imposition of corrective and punitive civil sanctions. That is, Plaintiff seeks an order directing Defendant to do what it is already obligated to do, namely that Defendant:

> (1) must turn over ownership and control of the website "www.pipehittersunionmc.com" to Plaintiff; (2) provide an accounting and provide adequate financial documents for the various entities (including the new successor entities Mr. Deckert and Mr. Bilansky have set up) involved in its motorcycle club, so that the Court and the Plaintiff may assess its income, expenses and profits; (3) account for the destruction t-shirts, patches and other infringing items – including those in possession of other motorcycle club members, and certify to the Court that the offending items have been destroyed across all chapters; and (4) abandon with prejudice Trade Mark Application, Serial Number 88228794.

Dkt. #27 at 5-6.

The Motion invokes the phrase "civil contempt" and cites several cases in support. Like the Motion's deficiencies related to criminal contempt, the Motion fails to cite any statutory or rule-making authority for the imposition of sanctions. For example, the Motion cites neither Rule 11(c) nor Rule 37(b) of the Federal Rules of Civil Procedure as the basis for civil contempt in this case. However, Plaintiff's Motion does include a brief discussion of the court's inherent authority to impose sanctions. As a consequence, the court will only consider its inherent authority as the basis for imposition of civil contempt and sanctions.

### C. Inherent Power Sanctions

A district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The court also has inherent power to impose sanctions when other rules do not provide an adequate remedy. *See Chambers*, 501 U.S. at 50 ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."). The Fifth Circuit has made clear, however, that "it does not necessarily follow that inherent power starts where rule or statute ends." *NASCO*, 894 F.2d at 702. Reliance on this inherent authority is appropriate when there is a "wide range of willful conduct" implicating multiple rules, *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995), or when the conduct at issue is altogether "beyond the reach of the rules," *Chambers*, 501 U.S. at 51. Using the court's inherent power in such situations promotes efficiency and avoids the needless satellite litigation that would occur if the court had to apply the rules to each discrete occurrence separately before invoking its inherent power. *Woodson*, 57 F.3d at 1418.

"'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382-83 (5th Cir. 1999) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)). "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Id*. (quoting *Martin v. Trinity Indus.*,

5

*Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). Therefore, the contempt power should only be invoked where a specific aspect of the order has been clearly violated. *Id.* (citing *Martin*, 959 F.2d at 47).

The Fifth Circuit has not definitively determined the evidentiary standard that applies to a court's imposition of inherent power sanctions. *Compare U.S. Dist. Court S. Dis. of Tex. Victoria Div. v. Greeson*, 167 F. Supp. 3d 835 (S.D. Tex. 2016) (stating that "arguably" a "clear and convincing" burden of proof standard applies for a court's imposition of inherent power sanctions), *with White v. Reg'l Adjustment Bureau, Inc.*, 647 F. App'x 410, 411 n.1 (5th Cir. 2016) (suggesting that the higher burden of clear and convincing evidence is not always required).

This inherent power includes the power to award attorney's fees in certain circumstances. *Chambers*, 501 U.S. at 45 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). "A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).

The court's inherent power to sanction includes the power to award attorneys' fees and costs in an amount designed to provide full relief to the aggrieved party. *See Alyesksa Pipeline*, 421 U.S. 240; *Roadway Express, Inc.*, 447 U.S. 752 (1980). The amount of the assessment is a matter of discretion for the court; the purpose of the assessment is punitive. GREGORY P. JOSEPH, SANCTIONS § 28(B)(2) (5th ed. 2013); *see also NASCO, Inc.* 124 F.R.D. at 147 (imposing sanctions of almost $1 million in attorney's fees and expenses); *Stalley v. Mountain States Health Alliance*, 644 F.3d 349, 352 (6th Cir. 2011) ("[Appellant] contends that the district court did not 'explain[] why all of the fees and expenses incurred [by Defendants'] law firm . . . had to be awarded to assured the desired deterrence.' . . . However, we have explained that 'sanctions imposed . . . pursuant to a court's inherent authority are [also] punitive.' . . . So even assuming that the award

6

was greater than necessary to deter future violations—a contention of which [appellant] has failed to convince us—another valid basis exists for the award. . . .  And the amount of the award does not strike us as unreasonable under the circumstances.") (internal citations omitted).

Finally, it is important to note that a magistrate judge has limited authority to hold an individual or entity in civil contempt:

> [I]n any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
> …
> (iii) the act constitutes a civil contempt,
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

### III.  ANALYSIS

#### A.  Deckert and Bilansky

As previously noted, the court has inherent power to impose sanctions when other rules do not provide an adequate remedy. *See Chambers*, 501 U.S. at 50. A strong argument could be made that Rule 11(c) and Rule 37(b) of the Federal Rules of Civil Procedure provide an adequate remedy but neither rule was cited by Plaintiff as the basis for contempt.

The undersigned is sympathetic to Plaintiff's plight. On two occasions now, Plaintiff has been forced to resort to the federal courts to protect itself and its trademark.[4]  While the courts have provided some relief to Plaintiff, that relief has been limited to shutting down ephemeral and phantom-like limited liability corporations. The individuals responsible for the two successive

---

[4] *Pipe Hitters Union, LLC v. Pipe Hitters Union Motorcycle Club, LLC,* 1:17-CV-1134-SS (W.D. Tex.).

LLCs and the misbehavior those LLCs wrought have evaded responsibility, punishment, and sanction.

At the same time, Plaintiff made the decision to file a Complaint naming only the LLCs. Even though Plaintiff knew the identity of the individuals responsible for the violations of its trademark, Plaintiff made the unilateral decision not to name them in either Complaint. Similarly, Plaintiff made the decision not to seek any discovery related to enforcement of the default judgment in this case.

The Motion was silent as to the basis for holding Deckert and Bilansky in contempt. When questioned at the hearing, Plaintiff counsel suggested that both men could be held in contempt based on Rule 37(b)(2) of the Federal Rules of Civil Procedure.[5] This was the first time Plaintiff cited a federal rule in support of its motion. The legal basis for holding Deckert and Bilansky in contempt should have been described in the Motion. Had Plaintiff cited Rule 37 it would have been of no moment. Rule 37 governs failure to make disclosures and cooperate in discovery and provides for sanctions when a party fails to comply with the rule. Rule 37(b)(2)(A) provides:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders…

Plaintiff has failed to provide competent evidence that Deckert and Bilansky are the Defendant's "officer, director, or managing agent—or a witness designated under Rule

---

[5] At the hearing, Plaintiff's counsel cited *Natural Gas Pipeline Company of America v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993), in support of its effort to hold Deckert and Bilansky in civil contempt. That case is easily distinguishable, however. While the case certainly involved inherent authority, an individual was specifically named and required to submit to a court order. Having failed to do so, the individual was held in civil contempt. In the present case, Deckert and Bilansky were never ordered by name to do anything.

Plaintiff's counsel also cited *Huber v. Zethros Ship Agent & Brokers,* 1999 WL 718270 (E.D. La. 1999), in support. This case does not help Plaintiff at all. In the first place, the district court failed to enter a finding of contempt. Second, the case was tried to the court and involved entities that were actively represented by counsel. The present case does not.

30(b)(6) or 31(a)(4)." Similarly, Plaintiff never sought "additional discovery on the issue of profits for a period of three months after the date of [the default judgment]" as contemplated by the Default Judgment. Dkt. #24 at 5.

### B. Pipe Hitters Union MC, LLC

The Defendant has undoubtedly failed to abide by the requirements of the District Court's Default Judgment. Dkt. #24. Sufficient evidence exists to certify that Defendant, Pipe Hitters Union MC, LLC, has failed to:

1. file a report that complies with the District Court's directive to submit a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

2. abandon or otherwise withdraw Application Serial Number 88228794 for "Pipe Hitters Union MC" (standard mark) as ordered;

3. provide a full "accounting of its profits and losses from August 1, 2017 forward, showing all monthly and annual operating revenue, contributions, expenses, and other disbursements and financial activity that would be relevant to the calculation of Defendant's profits";

4. turn over:
   a. any "financial records"—as defined in the Order—showing specific membership dues or fees collected by the motorcycle club since August 1, 2017, on a national or local level;
   b. any "financial records"—as defined in the Order—of the unincorporated PHUMC organization that existed before the Wyoming LLC was created on February 23, 2018; and
   c. any bank statements showing all financial activity of the motorcycle club apart from the one monthly statement only covering activity from July 11, 2018 through August 1, 2018;

5. certify that Defendant has dissolved or otherwise terminated all business entities and organizations incorporating the "Pipe Hitters Union" name or any similar words or acronyms encompassing Plaintiff's trademarks; and

6. certify that all signage, advertisements, clothing, items, products, promotional materials, packages, or any other item bearing "Pipe Hitters Union" or the PHU logo, or any colorable imitation thereof, has been destroyed and that such names have been removed from all websites, online advertising, social media, marketing, and other such publications or promotions.

The court hereby finds there is clear and convincing evidence that Defendant failed to comply with the District Court's February 1, 2021 Default Judgment and further finds the Defendant to be in civil contempt.

The Court further finds that Plaintiff's request for attorney's fees and expenses from March 9, 2021 to July 27, 2021 in the amount of $4,260.68 related to efforts to enforce the District Court's Default Judgement were both reasonable and necessary. Dkt. #32 at 5.

While this court has determined Defendant to be in contempt for failure to strictly abide by the District Judge's Default Judgment, it is difficult to understand what has been accomplished. The Defendant is a ghost and is undoubtedly judgment proof. If Plaintiff wanted to hold individuals to account, Plaintiff should have sued those individuals or at least demanded discovery from them. This attempt to seek sanctions against those individuals is a weak substitute for a judicial determination of individual culpability for having violated Plaintiff's trademark.

### IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff Pipe Hitters Union, LLC's Motion to Enforce, Hold Defendants in Contempt of Court, Impose Sanctions, and Award Attorney Fees and Costs (Dkt. #27) be **GRANTED IN PART and DENIED IN PART.**

Specifically, the undersigned makes the following **RECOMMENDATIONS:**

1. The Motion be **GRANTED** against the Defendant, Pipe Hitters Union MC, LLC and Defendant found to be in civil contempt. Defendant be **ORDERED** to comply with the requirements of the Default Judgment within 14 days of the District Judge's order on this Report and Recommendation. Defendant be **FURTHER ORDERED** to pay Plaintiff $4,260.68 to reimburse Plaintiff for attorney's fees and expenses related to enforcement of the Default Judgment.

2. The Motion be **DENIED** to the extent it seeks recovery from Deckert or Bilansky in their individual capacities.

3. The Motion be **DENIED** to the extent it seeks additional sanctions against the Defendant.

V. **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED July 29, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE