United States District Court
Western District of Texas
Austin Division

| | | |
|---|---|---|
| Pipe Hitters Union, LLC, | : | |
|    Plaintiff | : | |
| | : | Civil Action No. 1:20-CV-167-RP |
| v. | : | |
| | : | |
| Pipe Hitters Union MC, LLC, | : | |
|    Defendant | : | |

## Opposed Motion to Overrule Objections & Compel Discovery Responses

Plaintiff Pipe Hitters Union, LLC files this Opposed Motion to Overrule Objections and Compel Discovery Responses. Plaintiff respectfully shows the Court the following:

### 1. Introduction

This suit is part of a long-standing copyright infringement dispute. Plaintiff is a company founded by combat veterans that focuses on selling men's and women's apparel, drinkware, and a variety of "swag"—all emblazoned with Plaintiff's logo and name. When Plaintiff became aware that a motorcycle club was using its name and infringing on its copyrights, it filed suit to stop the infringement.[1] Because Plaintiff was not looking for a financial windfall, it settled that underlying case with the motorcycle club with an agreement to stop the MC's infringement and allow for a limited-use license for a nominal fee.

However, displeased with the settlement and intending to intentionally infringe and

---

[1] *See Pipe Hitters Union, LLC v. Pipe Hitters Union MC et. al.*, Civil Action No. 1:17-CV-1134.

damage Plaintiff (while thumbing their nose at the legal system), a group of members from that MC broke off and made a new limited liability company—Defendant Pipe Hitters Union MC, LLC—and waged a deliberate and blatant campaign to violate the settlement and further infringe Plaintiff's copyrights. This necessitated further legal action, seeking to enforce the settlement agreement and hold the defendants in contempt of court. Throughout the proceedings, Defendants (led by Charlie Deckert) have made a mockery of the system by blatantly refusing to cooperate with discovery and filing for counterclaims against Plaintiff's counsel for a million dollars. Ultimately, the Court overruled the motion to enforce, reasoning that the newly formed entity was not a party to the settlement agreement, and urged Plaintiff to file a new lawsuit.[2]

The current case is that new suit. Plaintiff filed and was awarded a default judgment against Defendant. Plaintiff now seeks to conduct postjudgment discovery, but it has been frustrated by Defendant's usual tactic of refusing to cooperate with discovery and making frivolous objections.

## 2. Procedural Background

Plaintiff served Charles Deckert (president of the MC), on August 16, 2022, with its written discovery by email (following the Court's order granting substitute service, because Mr. Deckert was evading service[3]). On September 16, 2022, Plaintiff received Mr. Deckert's responses, replete with frivolous objections and minimal responsive materials. He provided Plaintiff only four documents he decided were responsive—one of them an email from

---

[2] See Doc. #37, 1:17-CV-1134-SS.

[3] See Doc. #44.

Plaintiff's counsel.

While Mr. Deckert's responses were grossly inadequate and the objections too numerous to go through line-by-line, they include—for instance—his refusal to produce bank statements he "personally" used for activities such as "revenues for the sale of merchandise." Mr. Deckert objected that the request was harassing and that the information sought was equally available to Plaintiff. This, despite the fact that Mr. Deckert was personally manufacturing and selling infringing products, as well as products for the MC. This is but one example in responses replete with gross avoidance of discovery obligations this Court warned Mr. Deckert he would have to faithfully respond to. Accordingly, Plaintiff files this opposed motion to overrule objections and compel discovery and seeks its costs in connection therewith.

### 3. ARGUMENT

The federal discovery rules are dependent on the parties' compliance to assure that cases are decided by the facts revealed rather than the facts concealed. The purpose of discovery is to narrow and clarify the issues, making trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Unfortunately, Mr. Deckert has refused to comply with those discovery obligations.

In response to Plaintiff's interrogatories, Mr. Deckert has asserted improper "General Objections" and a raft of other boilerplate objections to Plaintiff's interrogatories, and essentially refused to provide any substantive information. *See* **Exhibit 1**. In response to Plaintiff's requests for production, Mr. Deckert has asserted improper objections, and the

same rote response to each request—and refusing to provide responsive documents he has in his possession. While Mr. Deckert was content to be president of the MC, engage trademark counsel to attempt to file for infringing marks solely to antagonize Plaintiff, manufactured and sold items for the MC, etc.—he does not believe he needs to comply with Court-ordered discovery. In the event Mr. Deckert used his personal bank account to operate the MC, the discovery requests clearly state he should provide those records.

Plaintiff intended for his initial written discovery to provide "baseline" information related to the collection of Plaintiff's judgment against Defendant. However, Deckert's abusive behavior has prevented discovery from accomplishing those legitimate goals.

**Improper General Objections, with Responses "Subject to" Said Objections**

Mr. Deckert has also improperly asserted global qualifications and "general objections" to Plaintiff's interrogatories and requests for production—including nonsensical objections to Plaintiff's definitions, repeat objections that discovery is "broad," "merely calculated to annoy and harass [him]," and arguing that discovery has "in substance, been previously propounded" and that these discovery requests "constitute[] oppression." These tactics are textbook examples of discovery abuse, and Mr. Deckert's qualifications and objections should be overruled.

The use and incorporation of general objections "have long been disfavored by federal courts." *Gonzalez v. Volkswagen Grp. of Am., Inc.*, No. A-14-CV-574-LY-ML, 2015 U.S. Dist. LEXIS 114376, at *4 (W.D. Tex. Aug. 28, 2015) (citing *Heller v. City of Dallas*, 303

F.R.D. 466, 483 (N.D. Tex. 2014) (collecting cases).[4] Such general objections "are considered mere 'hypothetical or contingent possibilities' where the objecting party makes 'no meaningful effort to show the application of any such theoretical objection to any request for discovery.'" *Heller*, 303 F.R.D. at 483 (citing *Sonnino v. U. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666–67 (D. Kan. 2004)). In accordance with the foregoing, Mr. Deckert's improper qualifications and "general objections" should be overruled and/or deemed waived.[5]

**Improper Boilerplate Objections**

In response to nearly **each and every request**, Mr. Deckert has asserted the exact same boilerplate objections of overbreadth, burdensomeness and proportionality.

"It is well-established that parties cannot make . . . boilerplate objections to discovery requests." *Star Creek Ctr.*, 2018 U.S. Dist. LEXIS 68039, at *7 (citing *Heller*, 303 F.R.D. at 483. "The party resisting discovery 'must show specifically . . . how each [request] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id*. (quoting *McLeod, Alexander, Powel & Apffel, PC v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (internal citations omitted). Moreover, "[a] party may not 'refuse discovery simply by

---

[4] *See also* Robert K. Wise, *Ending Evasive Responses to Written Discovery: A Guide for Properly Responding (and Objecting) to Interrogatories and Document Requests Under the Texas Discovery Rules*, 65 BAYLOR L. REV. 510, 568 (Spring 2013):

> These methodologies have three purposes—one nefarious and two benign. The nefarious purpose is pure gamesmanship—to hide damaging information or material behind a wall of objections. The benign purposes are to protect against the possibility that an answer might be found to be inadequate or that an objection has been waived. Both methodologies are improper.

[5] *See, e.g.*, *Tillman v. Larpenter*, No. 15-4588, 2016 U.S. Dist. LEXIS 128738, at *4 (E.D. La. Sep. 21, 2016) (overruling general objections); *Gonzalez*, 2015 U.S. Dist. LEXIS 114376, at *4 (same); *Sonnino*, 221 F.R.D. at 67 ("this Court has deemed such 'ostensible' objections waived"); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008) (same).

making a boilerplate objection that it is not proportional.'" *Id.* (citing Fed. R. Civ. P. 26(b)(1), advisory committee note (2015)).

In summary, Mr. Deckert's cut-and-paste boilerplate objections are improper and should be deemed waived and/or overruled. *Star Creek Ctr.*, 2018 U.S. Dist. LEXIS 68039, at *8–9; *Heller*, 303 F.R.D. at 488.

**Plaintiff Requests Fees under the Rules**

The federal rules provide that on a motion to compel, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Where, as here, Mr. Deckert's objections and responses were "evasive, obstructionist, and not substantially justified," it is proper to award fees to the movant. *Eubank v. Lockhart Indep. Sch. Dist.*, No. A-15-CV-1019-RP-ML, 2016 U.S. Dist. LEXIS 194780, at *17 (W.D. Tex. Nov. 8, 2016).

## Conclusion

For the foregoing reasons, Plaintiff prays that the Court overrule or deem waived Mr. Deckert's improper objections; Order Defendant to properly respond to the above-described interrogatories and requests for production; and grant Plaintiff all other relief as to which Plaintiff may be justly entitled, including his reasonable and necessary attorney's fees incurred in preparing this motion.

Dated February 21, 2023

**AMINI & CONANT, LLP**
/s/ Neema Amini
Neema Amini
Texas Bar No. 24068915
408 West 11th Street, Fifth Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
neema@aminiconant.com
*Counsel for Plaintiff Pipe Hitters Union, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.

/s/ Neema Amini
