EXHIBIT
1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PIPE HITTERS UNION, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| PIPE HITTERS UNION MC, LLC, | § | **1:20-cv-167-RP** |
| | § | |
| Defendant | § | |

## ANSWER

### Deckert Response to Plaintiff's Request for Production of Documents and Interrogatories

Pursuant to the Federal Rules of Civil Procedure, and the local rules of the United States District Court for the Western District of Texas, 3rd Party Charles Deckert hereby provides these Responses to Plaintiff's Request for Production of Documents, Interrogatories, Dated: September 14th, 2022

## OBJECTIONS:

1. I object to the timeliness of this motion and request for discovery based on the order and opinion of Judge Robert Pitman in Case 1:20-cv-00167-RP who ordered and stated the following:

*"Similarly, Plaintiff never sought "additional discovery on the issue of profits for a period of three months after the date of [the default judgment]" as contemplated by the Default Judgment. Dkt. #24 at 5"*

Date of Default Judgement: Case 1:20-cv-00167-RP Document 24 Filed 02/01/21 The plaintiff failed to ask for discovery for period of 15 months after the default judgment.

Furthermore; as the court noted: Case 1:20-cv-00167-RP Document 36 Filed 07/29/21 Page 7 of 11

*"Similarly, Plaintiff made the decision not to seek any discovery related to enforcement of the default judgment in this case. "*

2. I object being served duplicate discovery as noted numerous times in both Case 1:17-cv-01134-SS & 1:20-cv-00167-RP (res *judicata)* I have been found to NOT be a successor or person involved the plaintiff has fixation against me personally and is using the court to continually harass me as this case has been adjudicated and dismissed Case 1:17-cv-01134-SS.

As noted in case 17-cv-01134-SS and in 1:20-cv-00167-RP (res *judicata*) the PHMC LLC who the default judgement is against due to plaintiff knowing the PHUMC, LLC did not have any resources to retain counsel as was shown through discovery in 17-cv-01134-SS and seeking the default judgement on grounds of non-appearance was calculated to obtain a favorable judgement because the LLC could not retain counsel and had already been granted dissolution.

I object to "Time Period of Documents and Information" Plaintiff seeks documents and information that have existed from January 1, 2012, until the date Defendants respond to 4 these discovery requests, unless specified otherwise in a particular request. The LLC did not exist prior to Feb 2018 and was dissolved in March 2020 after the original lawsuit 1:17-cv-01134-SS was Dismissed and finally closed by the honorable Sam Sparks.

3. I object to Plaintiff's proffered instruction: "Plaintiff seeks documents and information that have existed from January 1, 2012, until the date I respond to these discovery requests, unless specified otherwise in a particular request." The time period and attempted scope is well beyond the scope of the plaintiff claim of the LLCs existence and dissolution, as adjudicated in Case 1:17-cv-01134-SS Document 86 Filed 01/23/20.

4. Applicable documents would only apply since the inception of the LLC 2018. The plaintiff is now attempting to go back and 'go fishing' for the previous case 17-cv-01134-SS which discovery and interrogatories have been submitted and is not merely seeking 'evidence' thru discovery of profits of the LLC of which as stated numerous times there are none. But is 'fishing' for evidence in general from the beginning of the Motorcycle Club that was not named and settled in Case 1:17-cv-01134-SS Document 86 Filed 01/23/20. I also object to the phrase "Defendant". I am not a defendant in this matter.

5. "PHUMC" I object to Plaintiff's proffered definition as it includes "Pipe Hitters Union Motorcycle Club that was formed in 2012, including (1) the Texas limited liability company that was formed in 2012 and terminated in 2015 ; (2) the Wyoming limited liability company that was formed in 2018; and (3) the Rudiarius Motorcycle Club." I object to Plaintiff's attempt to lump all of those entities into one organization and legally claim it is one ignoring the Opinion of Case 1:17-cv-01134-SS Document 86 Filed 01/23/20. The most troubling is Plaintiff is now adding Rudiarius Motorcycle Club that has no bearing on this matter as it does not contain the plaintiff's name, trademark, or any resemblance to the plaintiff in any manner and is irrelevant. As it has been stated numerous times. The plaintiff is merely trying to rectify the plaintiffs' counsel incompetence in all previous filings. Specifically, there are documents produced that show the distinct disconnects between the initial LLC, the lapsed incorporated nonprofit entity, the unincorporated entity and the now dissolved PHUMC LLC.

6. Furthermore, I object on the grounds that this discovery calls for a legal conclusion, regarding the other non-named entities.

## INSTRUCTIONS

Interrogatories. The Interrogatories are being propounded to you pursuant to Rule 33 of the Federal Rules of Civil Procedure. You are requested to respond to each Interrogatory, fully, in writing, and under oath, within the time and manner prescribed by Rules 26, 33, and 37 of the Federal Rules of Civil Procedure and other applicable law. Each Interrogatory in this discovery document is denominated "Interrogatory."
Documents. The Requests for Production of Documents are being propounded to you pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are requested to respond to each Request for Production of Documents within the time and manner prescribed by Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and other applicable law. The actual production of documents and things for inspection and

copying will occur at the offices of Amini & Conant, LLP, 408 W. 11th Street, 5th Floor, Austin, Texas 78701 or by electronic transmission to "service@aminiconant.com." Each Request for Production of Documents is denominated "Request for Production" in this document. Requests Should be Answered Separately: All discovery requests are directed to the person identified above and in the corresponding Subpoena Duces Tecum and should be answered fully and separately, regardless of whether the respondent is specifically named or addressed in the specific request. Electronic Documents/Information: Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner. Time Period of Documents and Information: Plaintiff seeks documents and information that have existed from January 1, 2012, until the date Defendants respond to 4 these discovery requests, unless specified otherwise          in          a          particular          request.

## II. DEFINITIONS

The terms "Respondent," "you," "your," and/or "yours" will refer to each named respondent as well as each Respondent's agents and representatives.

The term "Plaintiff" will refer to Plaintiff Pipe Hitters Union, LLC, as well as Plaintiff's agents and representatives.

The term "PHUMC" will refer to the Pipe Hitters Union Motorcycle Club that was originally formed in 2012, including

(1) the Texas limited liability company that was formed in 2012 and terminated in 2015;

(2) the Wyoming limited liability company that was formed in 2018;

(3) any other business entity or assume named business including the words "Pipe Hitters Union" in the name; and

(4) the organization using the name "Rudiarius Motorcycle Club."

The term "document" or "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to 5 understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and

newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

The term "communication" or "communications" means and includes every 6 manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

The term "identify" used for:

(1) a person who is an individual, means to state that individual's name, current or last known home address, current or last known work address, current or last known telephone number, and current or last known email address.

(2) a person who is not an individual (e.g., a business, association, governmental entity, or other entity), means to state its full name, its organizational nature (corporation, partnership, association, committee, sole proprietorship, state, city, etc.), the address of its principal office, the state in which it is incorporated (if it is incorporated), a contact phone number for the entity, and the entity's principal line of business or activity.

(3) a document, means to state the date of its preparation (for a document or other item prepared on a specific date), to state its general subject matter, and to provide sufficient information regarding the document to permit the requesting party to locate and identify the document.

The term "person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

The term "or" should not be construed or read so as to eliminate any part of the interrogatory, but rather should be interpreted inclusively as "and/or." The term "including" means "including but not limited to."

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production 1.** Produce all monthly bank statements for every bank account ever used by PHUMC or you personally to deposit funds related to PHUMC's organizational activities, including membership dues and revenues for the sale of merchandise.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such

ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-6 Filed 07/28/21 Page 1 of 2

This discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

In the spirit of cooperation and as mentioned, numerous times in both Case 1:17-cv-01134-SS & 1:20-cv-00167-RP all funds were stolen by then President of PHUMC LLC, Dane Hone in July of 2018. Furthermore, I was never an officer of PHUMC LLC or the unincorporated PHUMC prior to August of 2018 and the LLC was dissolved on 2/28/2020. The PHUMC, LLC did not have a bank account at any time EVER and never generated any revenue.

Additionally, this information has already been provided numerous times in Case 1:17-cv-01134-SS, most recently Case 1:20-cv-00167-RP Document 34 Filed 07/28/21. The Plaintiff KNOWS the LLC has never had a bank account at ANY time.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 2**. Produce all receipts showing expenses paid by PHUMC for any of the organization's activities.

**RESPONSE:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-5 Filed 07/28/21 Page 1 of 1.

This discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

In the spirit of cooperation and as mentioned, this information has already been provided numerous times in Case 1:17-cv-01134-SS, most recently Case 1:20-cv-00167-RP Document 34 Filed 07/28/21. The Plaintiff knows the expenses of LLC as plaintiff is responsible for those expenses.

Additionally, The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information and it is on the record but is again, merely using the court to harass me.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 3.** Produce all checks deposited by or withdrawn from every bank account ever used by PHUMC for the organization's activities.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me.     Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-5 Filed 07/28/21 Page 1 of 1.

In the spirit of cooperation and as mentioned PHUMC, LLC did not have a bank account. Furthermore, any and all information has already been provided numerous times in Case 1:17-cv-01134-SS, most recently Case 1:20-cv-00167-RP Document 34 Filed 07/28/21. The Plaintiff KNOWS the LLC has never had a bank account at ANY time.

Additionally, The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 4.** Produce all tax returns filed by PHUMC at any level, federal, state, or local.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such

ambiguities so as to construe them as narrowly as possible. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-6 Filed 07/28/21 Page 1 and 2.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 5.** Produce all tax documents showing reflecting any of the revenues or expenses of PHUMC.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-4 Filed 07/28/21.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report, and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 6.** Produce all documents filed with any secretary of state where a PHUMC entity was created, including annual information reports and tax reports.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. The request is merely calculated to annoy and harass me. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-2 Filed 07/28/21.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 7.** Produce all financial reports ever created showing the financial activities and assets of PHUMC, including profit and loss statements, balance statements, and specific transaction details. This includes annual, quarterly, and monthly reports as they exist.

**Response:**
As far as I know there has never been any financial reports generated as described in this request. I do not now nor have I ever had access to or any knowledge of the existence of the described documents. As noted in case 17-cv-01134-SS and in 1:20-cv-00167-RP the PHMC LLC who the default judgement is against due to plaintiff knowing the PHUMC, LLC did not have funds to retain counsel and seeking the default judgement on grounds of non-appearance was calculated to obtain a favorable judgement. The PHUMC, LLC did not ever have a bank account, nor did it produce or sell anything.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 8.** Produce all documents showing any assets currently owned in whole or in part by PHUMC.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66

Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-4 Filed 07/28/21.

The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

**Request for Production 9.** Produce all documents showing any debts currently owed by PHUMC.

**Response:**
As far as I know the LLC upon it's dissolution had no debts.

**Request for Production 10.** Produce all bank statements, receipts, check copies, transfer requests, transfer confirmations, and any other documents showing all money transferred or paid to any officer of PHUMC.

**Response:**
OBJECTION: This discovery request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence in violation of the collateral source rule. This request is also an invasion of Defendants right to privacy. (See Hrnjak v. Graymar (1971) 4 Cal.3d 725 [94 Cal.Rptr. 623]; Pacific Gas & Electric Company v. Superior Court (1994) 28 Cal.App.4th 174 [33 Cal.Rptr.2d 522]; and Helfend v. SCRTD (1970) 2 Cal.3d 1 [84 Cal.Rptr. 173 Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive.

This discovery request has, in substance, been previously propounded. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided. In the spirit of cooperation, as far as I know no officers of the now dissolved PHUMC LLC has ever been paid any money and there was never a bank account.

Continuous discovery into the same matter constitutes oppression, and Defendant further objects on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 11.** Produce all communications between members of PHUMC and any other individual regarding the design, production and sale of all products sold on or through any website promoting PHUMC and the organization's activities.

**Response:**
PHUMC, LLC has never designed, produced, manufactured or sold any items of any kind at any time. PHUMC,        LLC        has        never        had        a        bank        account.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 12.** Produce all communications between members of PHUMC and any other individual regarding the design, production and sale of all products sold on or through any website promoting PHUMC and the organization's activities.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. This discovery request is so broad and unlimited as to time is prior to the LLC being formed and broad in scope as to be an unwarranted annoyance, embarrassment, and is oppressive. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided.: I have not been ordered bound by the court to the injunction or alleged "settlement agreement" and this is irrelevant. In the interest of cooperating, I have not in the past, nor do I or the now dissolved PHUMC LLC 'sell' any items containing the plaintiff trademark or name through any website, this is irrelevant.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

PHUMC, LLC has never designed, produced, manufactured or sold any items of any kind at any time.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 13.** Produce all minutes recorded in any meeting regarding PHUMC organizational activities.

**Response:**
PHUMC LLC did not keep minutes, as from on or around Feb of 2018, until notice served to the plaintiff in July of 2018 of abandoning partnership and any use of its trademark, the LLC PHUMC, LLC has never designed, produced, manufactured or sold any items of any kind at any time. PHUMC, LLC has never had a bank account. Until dissolved, the PHUMC, LLC only existed as awaiting the final order of Case 1:17-

cv-01134-SS Document 86 Filed 01/23/20 it was essentially in limbo awaiting that final order, once that was granted and dismissed, the LLC was officially dissolved.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone , Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Request for Production 14**. Produce all documents you have submitted to Plaintiff or the Court in response to or in an attempt to comply with the Default Judgment and Orders signed on February 1, 2021, copies of which are attached to these Requests as Exhibit P1.

**Response**: OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].)

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. All submitted documents have been previously submitted by the Plaintiff to the court on Wednesday, July 28, 2021.

Continuous discovery into the same matter constitutes oppression, and Defendant further objects on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone , Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

## INTERROGATORIES

**Interrogatory 1.** How much revenue has PHUMC received from any source starting October 31, 2017, through the present date? Please break down revenue by category, including but not limited to membership dues, donations, merchandise sales, and any other distinct income classification.

**Response:**
On or around Feb of 2018, until notice served to the plaintiff in July of 2018 of abandoning partnership, the LLC PHUMC, LLC did not generate any revenue in any manner described or otherwise. Until dissolved, the PHUMC, LLC only existed as awaiting the final order of Case 1:17-cv-01134-SS Document 86 Filed 01/23/20 it was essentially in limbo awaiting that final order, once that was granted and dismissed, the LLC was officially dissolved.

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone , Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Interrogatory 2.** What have PHUMC's total expenses been since October 31, 2017, through the present date? Please break down expenses by category, including salaries or payments for services, stipends, travel expenses, website maintenance, cost to manufacture and distribute merchandise, mailing costs, and any other expense classification.

**Response**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].)

In the spirit of cooperation, this discovery request has, in substance, been previously propounded. All submitted documents have been previously submitted by the Plaintiff on Wednesday, July 28, 2021. See, Case 1:20-cv-00167-RP Document 34-5 Filed 07/28/21.

Continuous discovery into the same matter constitutes oppression, and Defendant further objects on that ground.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

**Interrogatory 3.** Provide information on all PHUMC bank accounts or bank accounts used for any PHUMC financial activities since October 31, 2017, including the name on the account, the individuals with access to the account, the bank where the account is/was located, and the account number.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. The request is merely calculated to annoy and harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-6 Filed 07/28/21 Page 1 and 2.

This discovery request has, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression, and I further object on that ground. In the spirit of cooperation, the following individuals may have the information being requested by the plaintiff. Dane Hone, Stan Rau, Derrick Lolley (sp), Brian Short, Mark Hart, Fredrick Haley

The now dissolved PHUMC, LLC did not have a bank account to my knowledge. Furthermore, any and all information has already been provided numerous times in Case 1:17-cv-01134-SS, most recently Case 1:20-cv-00167-RP Document 34 Filed 07/28/21. The Plaintiff KNOWS the LLC has never had a bank account at ANY time.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

Additionally, The court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was

available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

**Interrogatory 4.** Identify all PHUMC officers or members who were signatories to or had access and any control over all bank accounts used by PHUMC for any organizational activities.

**Response:**
OBJECTION: The information sought in this discovery request is equally available. (See Code of Civ. Proc., § 2030.220 subd. (c); and Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45 [66 Cal.Rptr. 250].) Defendant objects to Plaintiff's improper attempt to resolve any ambiguity in its requests and interrogatories so as to construe them as broadly as possible and will instead construe any such ambiguities so as to construe them as narrowly as possible. The request is merely calculated to annoy and harass me. This discovery request as phrased is argumentative. This request is unreasonably cumulative and can be obtained from some other source that is more convenient and less burdensome and is only intended to harass me. Without waiving this objection and to the extent I understand this vague general question with no context, the information has been provided, see Case 1:20-cv-00167-RP Document 34-6 Filed 07/28/21 Page 1 and 2.

The PHUMC, LLC did not have a bank account. Furthermore, any and all information has already been provided numerous times in Case 1:17-cv-01134-SS, most recently Case 1:20-cv-00167-RP Document 34 Filed 07/28/21. The Plaintiff KNOWS the LLC has never had a bank account at ANY time. So this is irrelevant.

The following individuals may have some of the information being requested prior to August 2018. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiff's lawsuit 1:17-cv-01134-SS.

Additionally, the court did not notify anyone (as was requested) if the report of compliance was deficient in any manner, as such that report and the previous case exhibits represent all information that is or was available. See: 34: exhibits 1-24 Case 1:20-cv-00167-RP Document 34 Filed 07/28/21 by the plaintiff. The plaintiff knows this information but is again, merely using the court to harass me.

**Interrogatory 5.** Please describe all PHUMC events that were promoted within and outside of the organization for any purpose, charitable or otherwise, where one of the goals of such an event was to raise funds. Please provide the date of the event, the name of the event, and the amount raised/collected by PHUMC at the event or as a result of the event.

**Response:**
To the best of my knowledge PHUMC LLC did not organize or participate in any promotions or fundraisers between Feb 2018 and the date of its dissolution 3/12/2020. The following individuals may have the information being requested by the plaintiff. Dane Hone, Stan Rau, Derrick Lolly, Brian Short, Mark Hart, Fredrick Haley. Some of these people were named defendants in the plaintiffs lawsuit 1:17-cv-01134-SS.

**Interrogatory 6.** Please describe all PHUMC events that were promoted within and outside of the organization for any purpose, charitable or otherwise, where one of the goals of such an event was to raise funds. Please provide the date of the event, the name of the event, and the amount raised/collected by PHUMC at the event or as a result of the event.

**Response:**

Repetitive See Interrogatory 5. Asked and answered.

**Interrogatory 7.** Please describe in detail the steps you have taken in response to or in an attempt to comply with the Default Judgment and Orders signed on February 1, 2021, copies of which are attached to these Requests as Exhibit P1.

**Response:**

The question is ambiguous. Any steps taken are documented within the court filings and have already been submitted by plaintiff and report of compliance.

**Interrogatory 8.** If you no longer have or have access to any of the documents requests in the Requests for Production, please state the date you last had access and identify who may now have custody or control over such documentation.

**Response:**

Any documents available to me have been provided in previous Discovery and Interrogatories. I do not have any documents either paper, electronic, digital or otherwise related to both Case 1:17-cv-01134-SS, or Case 1:20-cv-00167-RP that has not already been submitted under discovery or motions. I am not a principle for the PHUMC LLC or any other entity as of 08/13/2022.

In the spirit of cooperation, the following individuals may have the information being requested by the plaintiff. Dane Hone , Stan Rau, Derrick Lolly, Brian Short, Mark Hart , Fredrick Haley. Some of these people were named defendants in the plaintiffs lawsuit 1:17-cv-01134-SS.

STATE OF ___Texas___ §

§

___Caldwell___ COUNTY §

Before me, the undersigned authority, personally appeared

___Charles Deckert___, who, being by me duly sworn, deposed as follows:

"My name is ___Charles Deckert___, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein. I hereby affirm my responses to Plaintiff's Interrogatories above are true and correct to the best of my recollection."

_____
Affiant

SWORN TO AND SUBSCRIBED before me on ___08 September 2022___.

_____
Notary Public, State of ___Texas___

Sarah Balzer
Notary Public, State of Texas
Comm. Expires 08/11/2025
Notary ID 13327917-4

**Certificate of Service**

I hereby certify that on Sept 14th, 2022, I served the foregoing by first-class mail to Plaintiff counsel.

Submitted,

Charles Deckert

# EXHIBIT 1

PipeHittersUnionMC.com info

From: https://lookup.icann.org/lookup

## Domain Name Registration Data Lookup

Enter a domain name                                    Frequently Asked Questions (FAQ)

| PipeHittersUnionMC.com |                              | Lookup |

By submitting any personal data, I acknowledge and agree that the personal data submitted by me will be processed in accordance with the ICANN Privacy Policy, and agree to abide by the website Terms of Service and the Domain Name Registration Data Lookup Terms of Use

### Domain Information

**Name:** PIPEHITTERSUNIONMC.COM

**Registry Domain ID:** 1694998599_DOMAIN_COM-VRSN

**Domain Status:**
clientDeleteProhibited
clientRenewProhibited
clientTransferProhibited
clientUpdateProhibited

**Nameservers:**
NS14.WIXDNS.NET
NS15.WIXDNS.NET

### Dates

**Registry Expiration:** 2022-01-02 16:24:21 UTC

**Created:** 2012-01-02 16:24:21 UTC

14

# EXHIBIT 5

Financial records – Expenses paid out of pocket by LLC members Deckert & Bilansky, zero income

| Date: | Amount | Reason |
|---|---|---|
| 9/17/2018 | $400.00 | PHUMC - Class 25 Trademark |
| 12/13/2018 | $400.00 | PHUMC - Class 35 Trademark |
| 12/13/2018 | $400.00 | Pipe Hitters Union MC - Class 35 Trademark |
| 1/18/2019 | $52.00 | Wyoming LLC Annual Report Filing Fee - 2018 |
| 1/24/2019 | $28.00 | Purchased the original lawsuit and injunction documents |
| 1/24/2019 | $28.00 | Purchased the original lawsuit and injunction documents |
| 2/10/2019 | $168.00 | PipeHittersUnionMC.com - Website Renewal |
| 2/15/2019 | $75.00 | Paid for legal consult, attorney declined to represent defendants |
| 2/26/2019 | $25.50 | Mailed Motion to Dismiss - Overnight |
| 2/26/2019 | $10.00 | Pacer Monitor Case Files |
| 2/26/2019 | $17.85 | Pacer Monitor Case Files |
| 2/27/2019 | $25.50 | Mailed Motion to Dismiss - Overnight |
| 2/27/2019 | $10.00 | Pacer Monitor Case Files |
| 2/27/2019 | $5.50 | Pacer Monitor Case Files |
| 2/28/2019 | $15.00 | Pacer Monitor Case Files |
| 3/11/2019 | $20.00 | Pacer Monitor Case Files |
| 3/14/2019 | $99.20 | 8 March 2019 Hearing Transcript |
| 3/19/2019 | $10.00 | Pacer Monitor Case Files |
| 3/23/2019 | $15.00 | Pacer Monitor Case Files |
| 3/27/2019 | $15.00 | Pacer Monitor Case Files |
| 3/27/2019 | $5.50 | Pacer Monitor Case Files |
| 4/3/2019 | $25.00 | Pacer Monitor Case Files |
| 4/10/2019 | $450.00 | Trademark Application Answer to plainitff opposition |
| 4/16/2019 | $25.00 | Pacer Monitor Case Files |
| 5/3/2019 | $5.00 | Notary fee for Bilansky Affadavit |
| 5/18/2019 | $10.00 | Pacer Monitor Case Files |
| 5/20/2019 | $5.50 | Pacer Monitor Case Files |
| 5/22/2019 | $10.00 | Pacer Monitor Case Files |
| 5/30/2019 | $600.00 | Plaintiff Canceling Deckert Deposition less than 24 hours notice after Deckert made arrangements to attend taking day off work unpaid |
| 6/3/2019 | $10.00 | Pacer Monitor Case Files |
| 6/26/2019 | $5.50 | Pacer Monitor Case Files |
| 7/1/2019 | $10.00 | Pacer Monitor Case Files |
| 7/9/2019 | $5.50 | Pacer Monitor Case Files |
| 7/9/2019 | $10.00 | Pacer Monitor Case Files |
| 7/9/2019 | $10.00 | Pacer Monitor Case Files |
| 9/18/2019 | $25.00 | Pacer Monitor Case Files |
| 12/6/2019 | $1,500.00 | Opposition PHUMC Interrogatories and Responses to Interrogatories - Trademark |
| 1/19/2020 | $52.00 | Wyoming LLC Annual Report Filing Fee - 2019 |
| 2/28/2020 | $10.00 | Pacer Monitor Case Files |
| 2/28/2020 | $15.00 | Pacer Monitor Case Files |
| 3/12/2020 | $50.00 | WY Corp Dissolve Fee |
| 3/30/2020 | $10.00 | Pacer Monitor Case Files |
| 4/29/2020 | $10.00 | Pacer Monitor Case Files |
| 6/8/2020 | $20.00 | Pacer Monitor Case Files |
| 8/8/2020 | $15.00 | Pacer Monitor Case Files |
| 1/13/2021 | $20.00 | Pacer Monitor Case Files |
| 2/3/2021 | $10.00 | Pacer Monitor Case Files |
| 2/3/2021 | $20.00 | Pacer Monitor Case Files |
| 2/16/2021 | $70.00 | PA CORP Dissolve Fee |

| | | |
|---|---|---|
| | $1,472.00 | Total actual PHUMC, LLC Expenses paid by Deckert & Bilansky since becoming agents late July 2018 |
| | $3,361.55 | Total expenses to PHUMC, LLC caused directly by Plaintiff actions |
| | $4,833.55 | Total Expenses paid by Agents: Deckert & Bilansky |

35

# EXHIBIT 6

Financial records of Unincorporated entity the the defendant was previously ruled not a successor to, that had a Wells Fargo account & bogus 'invoice' from the late Dane Hone, you can see he withdrew more money than the 'invoice' was for

| Date | Description | Deposits/Credits | Withdrawals/Debits | Ending Daily Balance |
|---|---|---|---|---|
| 08/01/18 | RECURRING TRANSFER TO CRAIG ROTHERMEL BUSINESS MARKET RATE SAVINGS REF #0P04X3XD4P XXXXXX3992 | | $25.00 *SAVINGS* | $40.57 *ACCOUNT CLOSED* |
| 07/31/18 | MONTHLY SERVICE FEE | | $14.00 | $65.57 |
| 07/26/18 | PURCHASE AUTHORIZED ON 07/24 RIDER RAGS BOISE ID S308205736437636 CARD 5103 | | $170.95 *GOOD CHARGE* | $79.57 |
| 07/24/18 | RECURRING PAYMENT AUTHORIZED ON 07/22 PDFFILLER.COM 617-8704200 MA S468203393324546 CARD 9170 | | $20.00 | $250.52 |
| 07/23/18 | WITHDRAWAL MADE IN A BRANCH/STORE | "INVOICE" HONE | $6,642.55 | $270.52 *HONE WITHDRAW MORE than INVOICE* |
| 07/23/18 | CASHED CHECK # 1013 | GOOD | $1,824.50 | *REIMBURSEMENT GAS AUDTN NY VA. BOISE ETC.* |
| 07/16/18 | PURCHASE AUTHORIZED ON 07/13 HOLIDAY INN EXPRES BRYAN TX S388194659377500 CARD 9170 | NO CLUE HONE | $125.86 NONE | $8,737.57 |
| 07/13/18 | PURCHASE AUTHORIZED ON 07/12 RIDER RAGS BOISE ID S388193767728707 CARD 5103 | | $191.00 GOOD | $8,863.43 |
| 07/11/18 | eDeposit in Branch/Store 07/11/18 03:18:38 PM 7101 W BROAD ST RICHMOND VA | $25.00 | | $9,054.43 |

36



# Dane Hone

|  |  |  | Invoice Date: | 7/23/2018 |
|  |  |  | Date Due: | 7/24/2018 |

| Bill To: | PHUMC | Phone: | 570-617-1311 | | Invoice For: |
| Address: | 806 Pinewood Dr. | Fax: | | | Consulting Services |
| | Pottsville PA, 17901 | Email: | craig.rother | | |
| | | Contact: | Craig.Rothermel@yahoo.com | | |

| DATE | DESCRIPTION | RATE PER HOUR | HOURS | FLAT FEE | DISCOUNT | TOTAL |
|---|---|---|---|---|---|---|
| 12/1/2017-- 7/23/2018 | Consulting Services | $85.00 | 78.03 | | | $6,632.55 |

| | Invoice Subtotal | $6,632.55 |
| Make all checks payable to Dane Hone. | Deposit Amount | $0.00 |
| Total due in <2> days. Overdue accounts subject to a service charge of <10>% per month. | Total | $6,632.55 |

7/26/2021

Case 1:20-cv-00167-RP   Document 46  Filed 02/21/23   Page 21 of 21
Case 1:20-cv-00167-RP   Document 46  Filed 05/28/21   Page 1 of 1

**EXHIBIT**

**3**

# PHU vs. PHUMC: Motion for Sanctions

**Neema to Jeff, Rudiarius, Ratchet, Me & Tesla**                                    MAY 12

Please find attached the Plaintiff's motion for sanctions / motion to enforce. Thank you.

27-1                          27-main


PDF                          PDF



**Ratchet to Neema, Jeff, Rudiarius, Me & Tesla**                                    MAY 12

Neema,

After reading your complaint it was brought to my attention that PHUMC LLC did not actually have control of the domain, ever. I was able to get into contact with Mike Tekel a former officer of the un incorporated club and he gave me his information to his godaddy account where the domain is registered. I was able to make changes in order to facilitate the domain transfer with their help. Please see the attached transfer information and code to complete it.  As for the trademark we have abandoned all of them. Please see the attached email from the Trade Mark Attorney. As for bank records and financial statements. There aren't any to turn over, as we have stated for the last couple of years. The LLC never had a bank account because Dane Hone embezzled what money there was from the unincorporated club before anyone in the LLC had assumed officer roles. As for destruction of items we have done so according to the order. The only people we are aware of using or who may have possession of items with your clients trademark are likely members of the Pipe Hitters Union MC chapters which we are not members of nor have any control over. We really have nothing to give you.

Charles Deckert

 abandonment-TM


PDF