UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED

2023 MAR -2 PM 1:36

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

PIPE HITTERS UNION, LLC,

    Plaintiff,

vs.

PIPE HITTERS UNION MC, LLC,

    Defendant

Civil Action No. 1:20-CV-167-RP

**Third Party Motion to Deny Plaintiff's Motion to Compel**

### 1. Introduction

Now comes Mr. Deckert who is a US Army Veteran, father and grandfather. Mr. Deckert has suffered over five years of intimidation and harassment at the hands of this plaintiff and his counsel causing stress and anguish and depression. Mr. Deckert does not have access to any documents, answers or information other than already provided. Plaintiffs counsel continues to use this court to make generalized statements about Mr. Deckert that are factually untrue. Plaintiffs counsel at every opportunity feels compelled to slander and defame Mr. Deckert with accusations and lies about his role and involvement is this case and presumes to know Mr. Deckert. Plaintiffs' counsel continues to state Mr. Deckert was bound by an alleged agreement and when pressed the Plaintiff is unable to present a single executed agreement that Mr. Deckert was a party to. This agreement doesn't exist, and Mr. Deckert was found to have NOT been bound by any such agreement or to have been responsible for any wrong doing, including manufacturing trademarked images.

I am writing to submit this Third-Party Motion to deny Plaintiff's Motion to Compel in the above-mentioned case. As a third party with a legitimate interest in the outcome of this case, I respectfully request that the Court deny the Plaintiff's Motion to Compel on the basis that the interrogatories and discovery have been provided with objections and every question has been answered.

## Argument

In civil litigation, the discovery process is a crucial component of any case. Interrogatories are a type of discovery tool used to obtain information from parties to the lawsuit. However, in some cases, interrogatories may also be served on third parties such as in this case, who are not directly involved in the lawsuit, such as Mr. Deckert.

Rule 26(b)(2) factors referenced by the Thompson court further provide for direct court involvement in potentially limiting the scope of discovery. The Rule specifies three considerations which, if present, require the court to limit the scope of otherwise permissible discovery. Rule 26(b)(2)(C) states:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In this matter Mr. Deckert has responded to now two sets of interrogatories and discovery that are duplicative as described in. Rule 26(b)(2)(C)(i). Also, the plaintiff waited 15 months after this case had been adjudicated to subpoena Mr. Deckert in this matter. Considering the Plaintiff has been litigating this case since 2017 it is reasonable to determine that given all the actual defendants in the case the plaintiff could have at any point asked for discovery and interrogatories from any of those defendants who might have the information being sought, see Rule 26(b)(2)(C)(ii). Lastly Rule 26(b)(2)(C)(iii). The plaintiff has not demonstrated or asked for specific damages in this case but is asking for financial records

from entities that Mr. Deckert does not now, nor has he ever had access to. Mr. Deckert is not a defendant in this case and as stated in his answers does not have nor has, he ever had most of the information being asked for because Mr. Deckert was not a party to leadership or any of the business dealings the Motorcycle club might have documents for prior to the fall of 2018 or the LLC which was never able to fully stand up because of this litigation. That being a fact, Mr. Deckert has provided answers to all interrogatories and documents that he was able to put together. Beyond that they either do not exist or can likely be obtained from several the previous and actual defendants if they had been asked to do so.

The Supreme Court has historically held that third parties who are not directly involved in a lawsuit have a right to protect their privacy interests and may object to discovery requests, including interrogatories. The Court emphasized that the discovery rules should not be used as a fishing expedition, and that parties must demonstrate a specific need for the information sought. The Court has said that the burden of responding to discovery requests falls on the party who is being sued, and not on innocent third parties. Therefore, if a third party is served with interrogatories, they may object on the grounds that the request is overly broad, burdensome, or invades their privacy interests."

Mr. Deckert has cooperated in a timely manner with all requests and orders from this court and answered all interrogatories and discovery albeit under objection and provided any documentation that he is able to. Mr. Deckert cannot create/invent or manufacture documents that do not exist or answer questions he does not have the answers to.

Mr. Deckert did provide several other possible sources for document discovery or interrogatories, but he does not have access to anything other than what has been provided. Mr. Deckert has done nothing that can be construed as improper for any reason.

*In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), the Supreme Court held that "discovery was never intended to be a game of hide-and-seek" and that "the obligation to respond fully and in good faith to proper discovery requests is unqualified."* Here, Mr. Deckert has complied with the

from entities that Mr. Deckert does not now, nor has he ever had access to. Mr. Deckert is not a defendant in this case and as stated in his answers does not have nor has, he ever had most of the information be asked for because Mr. Deckert was not a party to leadership or any of the business dealings the Motorcycle club might have documents for prior to the fall of 2018 or the LLC which was never able to fully stand up because of this litigation. That being a fact, Mr. Deckert has provided answers to all interrogatories and documents that he was able to put together. Beyond that they either do not exist or can likely be obtained from several the previous and actual defendants if they had been asked to do so.

The Supreme Court has historically held that third parties who are not directly involved in a lawsuit have a right to protect their privacy interests and may object to discovery requests, including interrogatories. The Court emphasized that the discovery rules should not be used as a fishing expedition, and that parties must demonstrate a specific need for the information sought. The Court has said that the burden of responding to discovery requests falls on the party who is being sued, and not on innocent third parties. Therefore, if a third party is served with interrogatories, they may object on the grounds that the request is overly broad, burdensome, or invades their privacy interests."

Mr. Deckert has cooperated in a timely manner with all requests and orders from this court and answered all interrogatories and discovery albeit under objection and provided any documentation that he is able to. Mr. Deckert cannot create/invent or manufacture documents that do not exist or answer questions he does not have the answers to.

Mr. Deckert did provide several other possible sources for document discovery or interrogatories, but he does not have access to anything other than what has been provided. Mr. Deckert has done nothing that can be construed as improper for any reason.

*In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), the Supreme Court held that "discovery was never intended to be a game of hide-and-seek" and that "the obligation to respond fully and in good faith to proper discovery requests is unqualified."* Here, Mr. Deckert has complied with the

Plaintiff's discovery requests to the best of his ability and with good faith, despite the harassing behavior of the Plaintiff's counsel. Plaintiffs' counsel has asked, and Mr. Deckert has answered to the best of his ability all questions.

Mr. Deckert did object to the timeliness of the previous motion and requests for discovery based on the order and opinion of Judge Mark Lane in Case 1:20-cv-00167-RP who ordered and stated the following: *"Similarly, Plaintiff never sought "additional discovery on the issue of profits for a period of three months after the date of [the default judgment]" as contemplated by the Default Judgment. Dkt. #2, 4, 5"* The Honorable Mark Lane US Magistrate Judge. The plaintiff failed to ask for discovery for period of 15 months after the default judgment thereby exceeding the reasonable time determined by the court.

Mr. Deckert previously objected to being served duplicate discovery as noted numerous times in both Case I: 17-cv-01134-SS & 1:20-cv-00167-RP. These discovery requests have, in substance, been previously propounded. Continuous discovery into the same matter constitutes oppression. Asking the same questions over and over will not illicit a different answer

*Case 1:20-cv-00167-RP Document 36 Filed 07/29/21 Page 11 of 11* "2. The Motion be DENIED to the extent it seeks recovery from Deckert or Bilansky in their individual capacities." Honorable Mark Lane US Magistrate Judge. The plaintiff proceeded to serve Mr. Deckert some 15 months after the fact a subpoena for Interrogatories and Discovery.

*Case 1:20-cv-00167-RP Document 36 Filed 07/29/21 Page 4 of 11* "Second, the Motion fails to describe any authority for the proposition that Deckert and Bilansky may be subject to criminal contempt. Neither Deckert nor Bilansky was named in the original Complaint, neither was subject to an order of the District Court, **nor was either man obligated to respond to any discovery served upon them by Plaintiff.**" The Honorable Mark Lane US Magistrate Judge.

The Plaintiff's Motion to Compel is without merit, harassing and unnecessary because Mr. Deckert has already provided the requested interrogatories and discovery albeit with objections and has answered now two times the same interrogatories and discovery even though he is merely a 3rd party in this case. The Plaintiff may not be satisfied with the answers, but the questions have been answered as best as can be. This does not make the answers deficient.

## Conclusion

Based on the above argument, facts and circumstances, I respectfully request that the Court deny the Plaintiff's Motion to Compel.

Thank you for your attention to this matter.

Charles Deckert        03/02/2023
1819 Oak Grove Rd
Luling Texas 78648

**Certificate of Service**

I hereby certify that on March 3rd, 2023, I filed the foregoing with the Clerk of Court which will send notification of such filing to all parties who have appeared in this action. A copy of service has also been mailed to the Plaintiffs counsel 408 West 11th Street, Fifth Floor Austin, Texas 78701.

_____
Charles Deckert 03/02/2023